**Xiaohua LING, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–73507.

United States Court of Appeals, Ninth Circuit.

---

Submitted June 29, 2010.*

Filed July 14, 2010.

Jisheng Li, Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Oil, John D. Williams, Esquire, U.S. Department of Justice, Washington, DC, Hi-District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Honolulu, HI, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

### MEMORANDUM **

Xiaohua Ling, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder,* 558 F.3d 1049, 1056 (9th Cir.2009), and we deny the petition for review.

Substantial evidence supports the agency's determination that Ling failed to establish past persecution because he did not show that his attempted arrest, the confiscation of his home, and the arrest of his sister occurred on account of a protected ground, *see Ochoa v. Gonzales,* 406 F.3d 1166, 1172 (9th Cir.2005) (persecution as a result of a debt was not on account of a

protected ground), and Ling failed to demonstrate these incidents rose to the level of persecution, *see Zehatye v. Gonzales,* 453 F.3d 1182, 1186 (9th Cir.2006). Substantial evidence also supports the agency's determination that Ling failed to establish a well-founded fear of future persecution on account of an imputed political opinion or membership in a particular social group. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1094–95 (9th Cir.2002); *Fisher v. INS,* 79 F.3d 955, 961–62 (9th Cir.1996) (en banc) (possibility of prosecution is not persecution on a protected ground). Accordingly, Ling's asylum claim fails.

Because Ling did not establish eligibility for asylum, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye,* 453 F.3d at 1190.

Substantial evidence supports the agency's denial of CAT relief because Ling failed to show that it is more likely than not that he will be tortured if returned to China. *See Wakkary,* 558 F.3d at 1067–68.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.